322

Plaintiff alleges that she was assigned to grade a Regents examination in math, that she observed other teachers improperly grading the exam with No. 2 pencils instead of red pencils or red pens, and that after reporting this violation of grading procedures to the appropriate officials, DOE wrongfully retaliated against her by, inter alia, giving her unsatisfactory evaluations ratings and instituting disciplinary proceedings falsely alleging, inter alia, incompetence. A prior CPLR article 78 proceeding challenging the unsatisfactory ratings as false and retaliatory was dismissed on a finding that the ratings were not arbitrary and capricious (*Batyreva v New York City Dept. of Educ.*, 50 AD3d 283 [2008]). With respect to plaintiff's present claim for retaliation in violation of Civil Service Law §§ 75 and 75-b, the motion court dismissed the claim, and plaintiff does not appeal. With respect to plaintiff's present claim that the ratings and disciplinary proceedings were in retaliation for her exercise of free speech, in violation of 42 USC § 1983, the motion court found that the complaint sufficiently alleges that the grading procedures are a matter of public concern, and that because the complaint does not allege that plaintiff "was in a supervisory position or that it [was] part of her official responsibilities to report any suspected or real diversions from proper grading procedures," it sufficiently alleges that plaintiff was "speaking as a citizen and not in her official capacity as a public employee." Accordingly, the motion court sustained the section 1983 claim (citing *Garcetti v Ceballos*, 547 US 410 [2006]). This was error. The prior article 78 proceeding estops her from asserting that the unsatisfactory ratings and disciplinary proceeding were retaliatory violations of her right to free speech (*see Wilkie v Robbins*, 551 US —, —, 127 S Ct 2588, 2602 [2007] [proof that the (retaliatory) action was independently justified

on grounds other than the improper one defeats the claim]; *see generally Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981]). We have considered plaintiff's other arguments and claims and find them without merit. Concur—Andrias, J.P., Nardelli, Sweeny, DeGrasse and Freedman, JJ. [*See* 19 Misc 3d 1128(A), 2008 NY Slip Op 50928(U).]