15-3539-cv
*Zehner v. Jordan-Elbridge Bd. of Educ., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

-------------------------------------------------

DAVID ZEHNER,

> *Plaintiff-Appellant*,

> v.                                                                            15-3539-cv

JORDAN-ELBRIDGE BOARD OF EDUCATION, JORDAN-ELBRIDGE CENTRAL SCHOOL DISTRICT, MARY ALLEY, DIANA FOOTE, JEANNE PIEKLIK, CONNIE DRAKE, PENNY FEENEY, LAWRENCE ZACHER, DANNY LOUIS MEVEC, JAMES FROIO,

> *Defendants-Appellees*,

WILLIAM SPECK,

> *Defendant*.

-------------------------------------------------

For Appellant:                                   STEPHEN CIOTOLI, Esq., O'Hara, O'Connell
                                                 & Ciotoli, Fayetteville, NY.

For Appellees:                          CHARLES C. SPAGNOLI, The Law Firm of
                                        Frank W. Miller, East Syracuse, NY (for
                                        Jordan-Elbridge Board of Education,
                                        Jordan-Elbridge Central School District,
                                        Mary Alley, Diana Foote, Jeanne Pieklik,
                                        Connie Drake, Penny Feeney, James Froio),
                                        Thomas J. Mortati, Esq., Burke, Scolamiero,
                                        Mortati & Hurd, LLP, Albany, NY (for
                                        Lawrence Zacher), Danny Louis Mevec,
                                        Esq., (*pro se*), Mevec Law Firm, PLLC,
                                        Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED IN PART** and the case is **REMANDED** for further proceedings consistent with this decision.

Plaintiff-Appellant David Zehner appeals from an order of the United States District Court for the Northern District of New York (Mordue, *J.*), granting summary judgment in favor of Defendants-Appellees. Zehner filed this 42 U.S.C. § 1983 action alleging, among other things, that the Jordan-Elbridge Board of Education and certain members of the Board and school officials (collectively the "Board") subjected him to adverse employment action in retaliation for his exercising his First Amendment rights to free speech and association. The district court concluded that summary judgment was proper because (1) Zehner had failed to demonstrate a sufficient causal connection between the alleged adverse employment actions and his First Amendment protected conduct; (2) the Board had established that it would have taken the same adverse actions against Zehner even in the absence of his protected conduct; and (3) Zehner had not demonstrated he had engaged in any protected associational activities. On

2

appeal, Zehner claims that genuine issues of disputed material fact exist to preclude summary judgment. For the following reasons we **AFFIRM IN PART AND VACATE IN PART** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

This Court reviews grants of summary judgment *de novo*. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). We will affirm a grant of summary judgment "only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, 'there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *Id.* (omission in original) (quoting Fed. R. Civ. P. 56(c)).

### A. Collateral Estoppel

At the outset, we address whether collateral estoppel applies to give preclusive effect to the hearing officer's findings concerning the validity of the Board's adverse employment actions. The general rule of issue preclusion provides that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27, at 250 (1980). It is a well-known exception to the general rule that parties will not be precluded from relitigating an issue already decided where "the burden [of persuasion] has shifted to his adversary." *Id.* § 28; *see also* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4422, at 592 (2002) ("Failure of one party to carry the burden of persuasion on an issue should not establish the issue in favor of an adversary who otherwise would have the burden of persuasion on that issue in later litigation."); *Cobb v. Pozzi*, 363 F.3d 89, 113 (2d Cir. 2003) ("a shift or change in the burden of proof can render the issues in two different proceedings non-identical, and thereby

3

make collateral estoppel inappropriate."). For substantially the same reasons as articulated by the district court, therefore, we **AFFIRM** this portion of its decision.

### B. First Amendment Retaliation Claims

To establish a *prima facie* case for retaliation based on the First Amendment, a plaintiff must show the following: "(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, so that it can be said that his speech was a motivating factor in the determination." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 382 (2d Cir. 2003) (internal quotation marks and citations omitted). A defendant may nonetheless escape liability if it can demonstrate that (1) "it would have taken the same adverse action in the absence of the protected speech," or (2) "show that plaintiff's speech was likely to disrupt [defendant's] activities, and the likely disruption was sufficient to outweigh the First Amendment value of plaintiff's speech." *Id.* at 382–83 (internal quotation marks and citations omitted). "Summary judgment is precluded where questions regarding an employer's motive predominate in the inquiry regarding how important a role the protected speech played in the adverse employment decision." *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999), *abrogated on other grounds by Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012).

Zehner first contends that the district court improperly concluded that he failed to make out a *prima facie* case for retaliation because he could not demonstrate causation. To establish the requisite element of causation, Zehner must show a connection "sufficient to warrant the inference that the protected speech was a substantial motivating factor in the adverse employment action." *Cotarelo v. Vill. of Sleepy Hollow Police Dep't*, 460 F.3d 247, 251 (2d Cir. 2006) (internal quotation marks omitted). Causation can be demonstrated "indirectly by showing

4

that the protected activity was followed by adverse treatment in employment, or directly by evidence of retaliatory animus." *Cobb*, 363 F.3d at 108 (internal quotation marks and citations omitted); *see also Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001) (causation "can be established indirectly by showing that the protected activity was closely followed in time by the adverse action" (internal quotation marks and citations omitted)).

Here, Zehner has offered sufficient evidence to create a genuine issue of material fact on the issue of causation thus precluding summary judgment. Not even a month after instituting an Article 78 proceeding, in which Zehner alleged the Board violated New York's Open Meetings law—an allegation ultimately decided against the Board—Zehner was suspended and faced disciplinary charges. Furthermore, the record reveals numerous other examples of the Board taking adverse actions against Zehner shortly after he engaged in protected speech. Because a reasonable jury could infer that Zehner was retaliated against as a result of commencing the Article 78 proceeding and engaging in other activities protected by the First Amendment, summary judgment on the element of causation is inappropriate.

Zehner next argues that the district court incorrectly determined that the Board would have taken the same adverse actions against him notwithstanding any protected conduct he engaged in. Specifically, Zehner asserts that the counseling memos issued against him by the Board as well as affidavits of various Board members do not indisputably demonstrate this fact. We agree. Under *Mt. Healthy*, the Board may avoid liability if it can establish "by a preponderance of the evidence that it would have reached the same decision . . . even in the absence of the protected conduct." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S 274, 287 (1977); *accord Sher v. Coughlin*, 739 F.2d 77, 82 (2d Cir. 1984) ("*Mt. Healthy* teaches that state action taken on the basis of both valid and invalid motivations is not constitutionally

5

tainted by the invalid motive if the action would in any event have been taken on the constitutionally valid basis."). Thus, it is insufficient to show that the Board might have or could have suspended or disciplined Zehner on some legitimate grounds. *Cf. Smith v. Cnty. of Suffolk*, 776 F.3d 114, 123 (2d Cir. 2015) ("defendants asserting a *Mount Healthy* defense may not rely solely on the occurrence of unprotected misconduct: they must also articulate and substantiate a reasonable link between that misconduct and their *specific* adverse actions."). "A general statement that the employer would have taken *some* adverse action will not suffice." *Id.*

Here, taking the evidence in the light most favorable to Zehner and viewing all reasonable inferences in his favor, reasonable jurors could differ as to whether the Board would have suspended and disciplined Zehner in the absence of his protected First Amendment conduct. The evidence relied on by the Board—principally counseling memos and affidavits—merely show that the Board was concerned over rather minor and trivial issues involving Zehner.[1] Zehner was counseled concerning, *inter alia*, missing camera equipment; poor written communication skills; failing to submit annual goals in the proper format; poor performance in staff evaluations; improperly handling disciplinary issues; and failing to follow school district procedures for various issues.

While it is true that the memos demonstrate the Board's frustration with Zehner's poor performance in some areas and his mishandling of certain issues, only two memos, dated January 21, 2010 and March 23, 2010, mention possible further investigation and disciplinary action based on inappropriate comments to students. Considering that the Board did not bring

---

[1] The Board attempts to rely on affidavits of Board members to support its defense that it would have taken the same actions regardless of Zehner's protected conduct. Evaluating the credibility of such testimony, however, is an inappropriate consideration for a court on summary judgment. *See Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) ("Credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.").

6

complaints against Zehner until approximately seven months after the issuance of these two memos and after Zehner had prevailed on his first Article 78 action, and viewing the evidence in the light most favorable to Zehner, it is difficult to find a reasonable, non-retaliatory connection between Zehner's alleged misconduct and the actions the Board took against him. On the present record, viewed as we must view it, it cannot be said that the Board has established by a preponderance of the evidence that it would have suspended Zehner and filed disciplinary charges against him even in the absence of his protected First Amendment conduct. *See, e.g., Smith*, 776 F.3d at 123 (holding that although defendants had pointed to plaintiff's extensive unprotected conduct that violated Department policies, they had failed to show affirmatively that such conduct alone would have resulted in the same adverse employment actions because defendants' theory for their actions was entirely speculative). It is inappropriate, therefore, to grant defendants summary judgment on these grounds. Instead, it should be left to a jury to determine whether the Board's justifications for its actions were merely pretext for retaliation in response to Zehner's protected conduct. *See id.* (precluding summary judgment on *Mt. Healthy* defense where record permits only inferences that employer would have taken the same action).

Zehner also challenges the district court's conclusion that the Board had a reasonable basis to ban him from future Board meetings because of the potential disruptiveness of his speech. Notwithstanding whether Zehner had demonstrated a pattern of insubordinate behavior at past Board meetings, his behavior (e.g., speaking over his allotted time and raising his voice to Board members') was not so disruptive that it sufficiently outweighed protecting his First Amendment speech. *Cf. Heil v. Santoro*, 147 F.3d 103, 109 (2d Cir. 1998) (holding "government can prevail if it can show that it reasonably believed that the speech would potentially interfere with or disrupt the government's activities" in a manner outweighing

7

employee's interests).  During past Board meetings, Zehner raised issues of significant concern in the school district community by criticizing the Board's actions taken against him and other administrators and challenging the manner in which the Board handled certain school district matters.  *See, e.g., Pickering v. Bd. of Educ.*, 391 U.S. 563, 571–72 (1968) (concluding dismissal of a high school teacher for openly criticizing board of education on allocation of school funds— "a matter of legitimate public concern"—was impermissible under the First Amendment).  The Board has not shown how any resulting disruption might outweigh the importance of Zehner's speech.  It has, consequently, failed to carry its burden in this regard at this stage of the proceedings, and summary judgment on this basis is not warranted.

Zehner also appeals the district court's decision granting summary judgment in favor of the Board on his second retaliation claim based on the exercise of his right to free association. The district court ruled that summary judgment was proper because Zehner had failed to demonstrate that he had engaged in any protected associational activities and that the Board would have taken the same actions in the absence of any protected association.  We note at the outset that a First Amendment retaliation claim may be based on a "perceived" association, rather than actual protected association.  *See Hefernan v. City of Paterson*, 136 S. Ct. 1412, 1417–18 (2016) (holding that the fact that supervisor's employee was perceived to be involved in mayoral campaign did not bar employee's claim for First Amendment retaliation).  Reasonable jurors, moreover, could differ as to whether the Board would have suspended Zehner and filed disciplinary charges against him absent his alleged protected association.  *See supra*.  Because such facts need to be determined by the jury, entering summary judgment on this cause of action in favor of defendants was improper.

**C. New York Education Law § 3028-d Retaliation Claim**

Finally, Zehner asserts the district court erred in dismissing his retaliation claim under New York Education Law § 3028-d. Section 3028-d provides that an employee of a school district shall not be subject to any retaliatory action for making a report, based on a reasonable belief, that a school board has engaged in financial practices that "violate any local, state, federal law or rule and regulation." N.Y. Educ. Law § 3028-d (Mckinney 2006). The district court dismissed Zehner's claim because it found that he had failed specifically to cite to any law violated by the Board. We conclude, however, that citation to a specific law violated by the Board is not required under § 3028-d; rather, the "whistleblower" statute merely requires a reasonable belief that the school board has engaged in illegal financial practices. *See, e.g.*, *Batyreva v. New York City Dept. of Educ.*, No. 101313/07, 2008 WL 1932224, at *7 (N.Y. Sup. Ct. 2008) ("[Section 3028-d] protects employees who report fiscal practices or actions which the employee has *reasonable cause to suspect violate* any local, state, or federal law or rule and regulation relating to the financial practices of the school or school district." (emphasis added)), *rev'd on other grounds*, 57 A.D.3d 322 (N.Y. App. Div. 2008). It was error to dismiss Zehner's § 3028-d retaliation claim at this stage of the proceedings.

For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART AND VACATED IN PART** and the matter is **REMANDED** for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
